IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALYSON STEPHENSON,<br><br>              Plaintiff,<br><br>v.<br><br>CHAMPAIGN COMMUNITY SCHOOL DISTRICT NO. 4,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    JURY DEMAND<br><br>Case No. 23 cv 02081 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

    NOW COMES the Plaintiff, ALYSON STEPHENSON, by and through her attorneys, Costigan & Wollrab, P.C., and for her Response To Defendant's First Set Of Interrogatories To Plaintiff served upon her, hereby states as follows:

1.    Identify the person(s) answering each of these Interrogatories on behalf of the Plaintiff. If more than one person provided information in response to these Interrogatories, state the precise Interrogatories for which each person supplied information.

ANSWER:
Alyson Stephenson

2.    State the full name and current address of each person known to Plaintiff who has knowledge or information pertaining to the facts and/or allegations set forth in the Complaint and/or Answer filed in this case, and for each such individual describe his/her knowledge and state whether it is personal knowledge.

ANSWER:
Alyson Stephenson
605 Sycamore Drive
St. Joseph, IL 61873

EXHIBIT B

I, Alyson Stephenson, have personal knowledge of the matters alleged in my Complaint against Defendant.

Jason Pope
Champaign Unit 4 School District
Can be contacted through counsel for Defendant

Jason Pope has personal knowledge of the matters discussed at various meetings, including but not limited to the meetings held on 10/29/19, 3/6/20 and 3/11/20. Additionally, Jason Pope has personal knowledge of all communications that he exchanged with me. He also has personal knowledge of communications he had with other personnel of Defendant during the periods relevant to the matters alleged in my Complaint against Defendant, including but not limited to administrative matters of Defendant.

Renayee Westfield
Champaign Unit 4 School District
Can be contacted through counsel for Defendant

Renayee Westfield has personal knowledge of the matters discussed at various meetings, including but not limited to discussions at staff meetings as well as at meetings called by her and attended by her including on 10/29/19, 3/6/20 and 3/11/20. Renayee Westfield has personal knowledge of the conversations and communications she exchanged with me; as well as conversations and communications she had with other personnel employed by Defendant.

Renayee Westfield has personal knowledge of the administration activities of Defendant during the periods relevant to the matters alleged in my Complaint against Defendant.

Ken Kleber
Champaign Unit 4 School District
Can be contacted through counsel for Defendant

Ken Kleber has personal knowledge of the administrative issues of Defendant during the periods relevant to the matters alleged in my Complaint against Defendant. Ken Kleber has personal knowledge as to the communications I exchanged with him regarding my separation from Defendant in July of 2020. Ken Kleber also has personal knowledge with respect to communications he exchanged with me regarding the production of my personnel file and personnel issues.

Orlando Smith
Champaign Unit 4 School District
Can be contacted through counsel for Defendant

Orlando Smith has personal knowledge of communications that occurred among Jason Pope and other personnel of the Defendant when Orlando Smith was brought into a meeting as a District representative. Orlando Smith also has personal knowledge as to discussions that took place at the meeting attended by Orlando Smith.

EXHIBIT B

Beth Boothe
1105 Sheridan St.
Danville, IL 61832

Beth Boothe has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings where she was the representative of the teacher's union. Beth Boothe also has personal knowledge regarding certain issues that arose when she was the teacher's union representative at various meetings. In addition, Beth Boothe has personal knowledge of statements made by Renayee Westfield to myself and others regarding and relating to race and ethnicity. Beth Boothe also has personal knowledge of the oral and written communications exchanged between myself and Beth Boothe.

Christopher Gilbert
1112 Cooper Dr.
Ashland, OH 44805

Christopher Gilbert has personal knowledge of my teaching capabilities and my work ethic. Additionally, Christopher Gilbert has personal knowledge of the matters he stated in the letter of recommendation that he provided for me following my separation of employment with Defendant. A copy of the letter of recommendation of Christopher Gilbert is included in Plaintiff's Response to the Request for Production propounded by Defendant and bate-stamped PLAINTIFF'S.RESP.TO.RTP.000274.

Ann Ramirez
1106 Foothill Dr.
Champaign, IL 61821

Ann Ramirez has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings requested by administrative personnel of Defendant. Ann Ramirez also has personal knowledge regarding certain issues that arose when she was the teacher's union representative at various meetings.

Kerri Schmitt
11 N. Dorado Cir., Apt. 2E
Hauppauge, NY 11788-4616

Kerri Schmitt has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she witnessed statements made by Renayee Westfield to me and other teachers as well as when she attended meetings, including staff meetings and other meetings with administrative personnel of Defendant.

Andrew McDaniel
3306 Sandhill Lane
Champaign, IL 61822

EXHIBIT B

Andrew McDaniel has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions. Additionally, Andrew McDaniel has personal knowledge of statements made by Renayee Westfield to me and other teachers, including but not limited to the statement by Renayee Westfield that "Andy was white by not white". Andrew McDaniel also has personal knowledge of comments that were made at staff meetings and other meetings and interactions with administrative personnel of Defendant. Andrew McDaniel also has personal knowledge of the oral and written communications exchanged between myself and Andrew McDaniel.

Teresa Davis
16918 N. 518 E. Rd.
Fithian, IL 61844

Teresa Davis has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant. She also has personal knowledge of statements made by Renayee Westfield to myself and others regarding and relating to race and ethnicity.

Jennie Damler
1404 Nottingham Dr.
St. Joseph, IL 61873

Jennie Damler has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant.

Amber Owens
140 Twin Courts Dr.
Weaverville, NC 28787

Amber Owens has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant.

Dana Gawel
1615 Bassett Lane
Champaign, IL 61821

Dana Gawel has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant.

Cheryl Barringer
403 Banbury Lane
Savoy, IL 61874

EXHIBIT B

Cheryl Barringer has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant. She also has personal knowledge of statements made by Renayee Westfield to myself and others regarding and relating to race and ethnicity. In addition, Cheryl Barringer has personal knowledge regarding the written communications exchanged between us in text messages.

Jen (Leach) Hilderbrand
1708 Magnolia Dr.
St. Jospeh, IL 61873

Jen Hilderbrand has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant.

Jill Cheatham
586 County Road 2300 East
Broadlands, IL 61816

Jill Cheatham has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant. Jill Cheatham also has personal knowledge regarding text messages we exchanged.

Lydia Kington
2545 County Road 2700 East
Penfield, IL 61862

Lydia Kingston has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant.

Patricia Floyd
605 Jeanes Dr.
St. Joseph, IL 61873

Patrica Floyd has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant.

Katelyn Shamhart
1110 Mayfair Rd.
Champaign, IL 61821

EXHIBIT B

Katelyn Shamhart has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant.

Megan Herrig
702 Wesley Ave.
Savoy, IL 61874

Megan Herrig has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when she attended various meetings, including staff meetings and meetings with administrative personnel of Defendant.

Steve Keepes
1001 S. Westlawn
Champaign, IL 61821

Steve Keepes has personal knowledge of the conversations that occurred among myself and administrative personnel of Defendant on multiple occasions when he attended various meetings, including staff meetings and meetings with administrative personnel of Defendant.

3.  If you, or anyone acting on your behalf, communicated with any individual concerning your allegations against Defendant, please identify the following for each individual:

    a.  The date and location of the communication;

    b.  Whether the communication was oral or written;

    c.  The name, address, telephone number and relationship to you of each person present for the communication, what each person said or, if you cannot recall, the substance of what each person said, any witnesses to the communication; and

    d.  All documents that relate or refer to the communication.

ANSWER:

I have communicated by phone a few times with Beth Boothe regarding the allegations against Defendant. I do not recall the exact date of each of those phone calls. I did call Beth Boothe in or around January 18, 2024 to advise her that I was going to be giving a deposition in this action and to advise her that I was going to indicate that she had knowledge regarding the matters alleged in my Complaint against the Defendant. Beth Boothe was a colleague of mine when I was employed with Defendant. She has also remained a friend of mine. I also spoke by phone with Andrew McDaniel in or around January 18, 2024 advising him that I was going to be giving my deposition in this action; and to advise him that I was going to advise that he was a witness to

EXHIBIT B

some of the matters alleged in my Complaint. Andrew McDaniel was a colleague of mine when I was employed with Defendant. I also spoke by phone with Teresa Davis in or around January 18, 2024 advising her that I was going to be giving my deposition in this action; and to advise her that I was going to advise that she was a witness to some of the matters alleged in my Complaint. Teresa Davis was a colleague of mine during the time that I was employed by Defendant.

I have also had other phone calls with Beth Boothe since July of 2020; as she and I have remained friends despite my leaving Bottenfield Elementary; and I may have discussed some of the issues relating to the allegations of my Complaint with Beth Boothe but I do not have a specific recollection of exactly the dates when those calls occurred; and I do not have a specific recollection as to what we discussed during those calls. In addition to the oral communications set forth above, I did have written communications with Beth Boothe, Andrew McDaniel, and Cheryl Barringer. The communications are indicated in the text messages exchanged between me and the foregoing persons. Copies of the text messages are included in Plaintiff's Response to Request to Produce propounded by Defendant and bate-stamped PLAINTIFF'S.RESP.TO. RTP000283-000386.

4.     If you, or anyone acting on your behalf, obtained any statements (oral or written) from any person relating to the allegations in your Complaint, please identify by name, address, and phone number each person who gave a statement and state the dates on which each statement was obtained.

ANSWER:

I exchanged text message communications with Beth Boothe, Andrew McDaniel, Jill Cheatam, Jen (Leach) Hilderbrand and Cheryl Barringer. There are written statements made between myself and the foregoing persons. Copies of those statements and the dates that some of those statements were made are attached to Plaintiff's Response to Request to Produce propounded by Defendant and bate-stamped PLAINTIFF'S.RESP.TO. RTP000283-000386.

Jason Pope made written statements to me in the e-mail transmissions that Jason Pope sent to me. Copies of those e-mail statements are attached to Plaintiff's Response to Request to Produce propounded by Defendant and bate-stamped PLAINTIFF'S.RESP.TO. RTP000262-000264,

EXHIBIT B

Jason Pope also made multiple oral statements to me during meetings. Jason Pope made the statements attributed to him in the transcribed meeting notes for the meetings held on October 29, 2019, March 6 and March 11, 2020. Jason Pope made oral statements during an introduction of a new staff person, Orlando Smith, when Orlando Smith started with Bottenfield. I was in a group of individuals when Jason Pope introduced several other teachers to Orlando Smith. Jason Pope did not introduce Orlando Smith to me. I made written statements to Jason Pope regarding this incident in an e-mail directed to Jason Pope which is Ex. 4 to Defendant's Response to the Charge of Discrimination filed with the IDHR.

Renayee Westfield made oral statements to me on multiple occasions. I can recall Renayee Westfield making a statement to me at the airport in Dallas, Texas that I needed to arrange for my own ride to the hotel from the airport. I do not recall whether anyone else overheard her statement. There was also a group chat statement sent by Renayee Westfield. A copy of the group chat is included as Ex. 1 to the Defendant's Response to the Charge of Discrimination filed with the Illinois Department of Human Rights ("IDHR"). There is also a text message that I sent to Andrew McDaniel making a statement regarding this issue. A copy of the text message is included in Plaintiff's Response to Request to Produce propounded by Defendant and bate-stamped PLAINTIFF'S.RESP.TO.RTP 000283. Renayee Westfield made an oral statement at a staff meeting on 10/24/19 that "She would not be surprised if we just walked out of a KKK meeting but since the data does not show that for us it's none of her business what we do on our own time". Those present when this comment was made would include all staff personnel who attended that staff meeting, the identifies of which are included in the witnesses listed in my Answer to Interrogatory No. 2 and myself. Renayee Westfield made oral statements during the meeting held on 10/29/19 to me regarding e-mails that were sent regarding alleged student issues that were sent anonymously. I read aloud a text message relating to that subject matter; and Renayee Westfield made a statement that "there is a lot going on in the administration at Bottenfield." This oral exchange occurred at a staff meeting held on 10/29/19. There were other oral statements made during that meeting. I do not recall each statement; but the summary of the oral discussions held at that meeting are stated in the meeting notes dated 10/29/19 and included in Plaintiff's Response to Request to Produce propounded by Defendant and bate-stamped PLAINTIFF'S.RESP.TO. RTP000247-000248 and the e-mails discussed are also attached to Plaintiff's Response to Request to Produce and bate=stamped PLAINTIFF'S.RESP.TO.

RTP000250-000252, 000254, and 000282. Renayee Westfield also made the comment that "Andy is white but not white" inferring that we needed more black teachers at Bottenfield Elementary; and inferring that Andy McDaniel was able to manage black students better than other white teachers. This oral statement was made by Renayee Westfield at an AVID meeting which I believe was held on 10/2/19. Renayee Westfield also read an article out loud to me and others present during the meeting on White Supremacy and made statements regarding the same to me and others at the meeting. At a meeting on 11/4/19 a statement was made by Renayee Westfield that our teaching evaluation model was "white streamed." At the end of a committee meeting held on or about 11/11/19, Renayee Westfield said directly to me "I'm going to tell you one more thing. With all of this union stuff going on do with it what you want, but I suggest you start separating yourself from your teammates." Renayee Westfield made a written statement on her Facebook page as follows: "This is important when a person tells you that you hurt them, you don't get to decide that you didn't." A copy of this post is Ex. 2 to the Defendant's Response to the Charge of Discrimination filed with the IDHR. Renayee Westfield also made the written statement "You damaged my reputation but I saved yours when I didn't tell my part of the story." A copy of this statement is included in Plaintiff's Response to the Request to Produce propounded by Defendant bate-stamped PLAINTIFF'S.RESP.TO. RTP000255, 000272.
Renayee Westfield and Jason Pope made oral statements regarding the Danielson method at the staff meeting held on or about 11/11/19 and advised that this method was "white streamed". Renayee Westfield also made oral statements regarding an article that I had mentioned on "Equality v. Equity."
Ken Kleber made statements to me in an e-mail sent to me responding to an e-mail that was sent to him requesting my personnel file in May of 2020. A copy of the e-mail is included in Plaintiff's Response to Request to Produce propounded by Defendant and bate-stamped PLAINTIFF'S.RESP.TO. RTP000256-000261, 000265-000266.
Individuals who attended the staff meetings and meetings with administrators on 10/2/19, 10/24/19, 10/29/19, 11/2/19, 3/6/20 and 3/11/20 made multiple oral statements regarding and relating to the complaints I raised and other teachers raised regarding the actions of Renayee Westfield and her comments. I cannot recall each oral statement that was made. The transcribed statements of each statement attributed to each attendee are included in Plaintiff's Response to Request to Produce propounded by Defendant for the meetings held on 10/29/19, 3/6/20 and

3/11/20 and bate-stamped PLAINTIFF'S.RESP.TO. RTP000169-000176, and 000275-000278. A summary of the oral statements made by attendees at the meetings held on 10/24/19 are included in Plaintiff's Response to Request to Produce propounded by Defendant and bate-stamped PLAINTIFF'S.RESP.TO. RTP000277-000278.

There are other written statements made in documents included in Plaintiff's Response to Request to Produce propounded by Defendant with respect to my evaluations during my tenure as a teacher at Bottenfield Elementary and included in my personnel file included therein and bate-stamped 000177- 000244.

5.      Identify, with specificity, all damages, monetary relief or other relief that you seek (including attorney's fees) and explain in detail the manner of calculation of the amounts sought, and the nature of and factual basis for any injunctive or other non-monetary relief sought. State whether you have any documents to substantiate your claims for damages and if so identify every such document.

ANSWER:

I am seeking damages for my lost wages and lost benefits arising from the separation of my employment from Bottenfield Elementary on July 9 2020. In calculating my monetary damages arising out of the incidents alleged in my Complaint against Defendant, the value of the monetary damages asserted includes the difference between the wages I earned during my employment with Bottenfield Elementary and the amount I was able to earn in alternate employment that I procured after my separation from Bottenfield Elementary. In addition to the lost wages incurred by me for the 2020-2021 school year and subsequent years, I am also seeking the monetary value of the losses I incurred because of not being able to contribute annually to the Teacher's Retirement System of Illinois ("TRS"). For the period from July 9, 2020 until I secured employment with the St. Joseph School District No. 169 on August 12, 2021, I was not able to contribute to my TRS pension plan. I have not yet determined the full extent of the losses I have sustained with respect to my eventual retirement benefit from TRS as a consequence of the period of time I was unable to contribute to my TRS pension following the separation of my employment from Bottenfield Elementary and up until I secured a teaching position with St. Jospeh School District No. 169. In addition, I have incurred damages for

attorney fees and costs incurred in the filing of this action. My attorney's hourly billing rate is $250.00 per hour. Initially, I had to pay my attorney a retainer equal to ten hours or Two Thousand and Five Hundred and 00/100s Dollars ($2,500.00); and then I will be liable for payment of my attorney's fees following the completion of this action; and my attorney's fees due and owing at the completion of this matter will be equal to any recovery made for attorney fees and costs as part of any judgment; or as otherwise negotiated between myself and my attorney in the event of a pre-judgment resolution. In addition, I have incurred a filing fee of $405.00 for the filing of this action. I am also liable for payment of costs incurred for deposition transcriptions and other related litigation expenses. In addition to the monetary damages sought for wage loss and lost employment benefits, I am also seeking damages to compensate me for the personal humiliation I sustained because of the acts and incidents alleged in my Complaint. I have not yet calculated an equitable amount to compensate me for the humiliation I sustained in front of other personnel because of the matters alleged in my Complaint.

6. Are you claiming any physical, psychiatric, psychological, and/or emotional injuries as a result of the acts or omissions described in the Complaint? If so, please state:
   a. The name of any physical, psychiatric, psychological, and/or emotional injury claimed;
   b. The name, address and telephone number of each health care provider that you consulted or received treatment from, including, but not limited to, any psychologist, psychiatrist or therapist, for any such injuries;
   c. The date(s) of each consultation and treatment;
   d. The diagnosis provided by the health care provider, if any;
   e. The nature of any treatment received;
   f. Whether you suffered any physical, psychiatric, psychological, and/or emotional injury of illness before the acts or omissions described in the Amended Complaint; and
   g. If (f) is in the affirmative, please state when the injury or illness arose and the nature of any physical, psychiatric, psychological, and/or emotional injury and the name, address, and telephone number of each health care professional who diagnosed or treated each such injury.

EXHIBIT B

ANSWER:

No.

7.      Please describe all efforts you have made since 2020 to obtain employment, and for each job that you were offered or for which you applied, please state:

    a.      If you applied, the date on which you submitted your application;

    b.      The name, address, and telephone number of the employer;

    c.      The name of each person with whom you communicated about the job or your application;

    d.      The job title or position that you were offered or for which you applied;

    e.      Whether you were interviewed, and if so, when and by whom;

    f.      The date of any offer of employment that you received;

    g.      Whether you accepted the offer, and, if so, the date on which you did so; and

    h.      If the offer was declined, reason for the rejection of the offer.

ANSWER:

Prior to my separation with Bottenfield Elementary on July 9, 2020, I secured a teaching position with Little Hearts and Hands Early Learning, 2501 S. Myra Ridge Dr., Urbana, IL 61802. Phone: (217) 328-2532. I sought out this teaching position after May of 2020 and prior to the receipt of the offer of employment by Little Hearts and Hands on July 8, 2020. I sought out this new teaching opportunity with a private school as I was unable to continue working for the Defendant due to the matters alleged in my Complaint against Defendant. I remained employed with Little Hearts and Hands until August 11, 2021. Thereafter, I secured a position with St. Joseph Community School District No. 169. St. Joseph CCSD #169, P. O. Box 408, St. Jospeh, IL 61873. Phone (217) 469-2291. I was employed with St. Joseph School District No. 169 from August 12, 2021 to August 14, 2022. I left the position with St. Joseph School District No. 169 to pursue an opportunity with State Farm. I began employment with State Farm on 8/15/22. State Farm, 1 State Farm Plaza, Bloomington, IL 61701.I remained employed with State Farm from 8/15/22 and to May 30, 2023. I then left State Farm upon accepting my current position with the University of Illinois beginning on May 31, 2023.

EXHIBIT B

In addition to the above employment, I did work a few shifts for Express Restaurant Corporation in 2023 for a friend's restaurant.

8. Do you contend that you incurred any medical expenses as a result of the acts or omissions as described in the Complaint? If so, for each hospital, clinic, or health care provider to whom you have paid or owe such expenses;

    a. State the name and address of all hospitals, clinics, or health care providers;
    b. State the date or inclusive dates of the services provided;
    c. State the total amount billed by the health care provider for the services;
    d. State whether you have paid this amount in whole or in part; and
    e. State whether you possess documents relating to the alleged expenses and, if so, identify those documents.

ANSWER:
No.

9. Identify all income you received from any source (other than Defendant) for the period from August 2015 to the present, including without limitation any amounts received in the form of self-employment, unemployment compensation, workers compensation, social security, life insurance, veteran's disability or any disability benefits of any sort, and other compensation not previously described, and for each source identify the person(s) who have custody and/or control of documents relating or referring to the income.
ANSWER:
See the income information set forth in the W-2s included in Plaintiff's Response to Request to Produce propounded by Defendant and bate-stamped PLAINTIFF'S.RESP.TO. RTP000388-000397.

10. Do you intend to call anyone at trial to offer expert testimony? If yes, state the name, address, current occupation, employer, title (if any), specialty and qualifications of any expert who you have retained or specially employed in anticipation of or to provide assistance in this litigation and who is not expected to be called to offer expert testimony.

EXHIBIT B

ANSWER:

No.

11. State the index, docket, complaint, charge or other identification number or designation of any civil or criminal litigation, charge, complaint, administrative charge, or bankruptcy petition in which you have been a party, or in which you have been called upon to provide any sworn testimony (other than the instant action), and provide the date(s) such proceeding(s) were initiated and the current status or disposition of each such proceeding. Identify every document you relied upon in answering, or which related in any way to the information requested in this interrogatory.

ANSWER:

None other than the instant action.

12. Have you maintained any Facebook or other blog or social media account since August 17, 2015? If so, please state the name and URL of the blog or social media account; your username; the email address associated with the account; and any other identifying information with the account.

ANSWER:

I do have a Facebook Account. My name on the Facebook application is "Aly Stephenson". In addition, I do have an Instagram account. It is under my name "Aly Stephenson4"
The e-mail address associated with the foregoing accounts is alystephenson4@gmail.com.

13. State any additional information, facts, writings or evidence relating to this litigation that has not been fully and completely disclosed in your prior answers to these interrogatories and identify the person or persons possessing such information by name, address and relationship to the parties herein. This Interrogatory includes identifying any such document(s) that has been deleted, physically destroyed, discarded, or damaged since the commencement of this action.

EXHIBIT B

ANSWER:

None other than as disclosed in the Answers to these Interrogatories or disclosed in Plaintiff's Response to Request to Produce.

## VERIFICATION BY CERTIFICATION

    Under penalties as provided by law pursuant to Section 1–109 of the Illinois Code of Civil Procedure and the applicable Federal Rules of Civil Procedure, the undersigned certifies that the statements set forth in the foregoing Interrogatories are true and correct and the undersigned certifies as aforesaid that she verily believes the same to be true.

_____
Alyson Stephenson, Plaintiff

Signed this __17__ day of February, 2024.

Ms. Dawn L. Wall
ARDC No. 6196948
Costigan & Wollrab, P.C.
308 E. Washington St.
Bloomington, IL 61701
Phone: (309) 828-4310
dwall@cwlawoffice.com

EXHIBIT B